UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

| | | |
|---|---|---|
| TAYLOR FENTON, | : | |
| Plaintiff, | : | |
| -against- | : | **ORDER** |
| SAM ASH MUSIC CORPORATION, | : | 24 Civ. 7268 (DG) (VMS) |
| Defendant | : | |

---------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is the motion to intervene pursuant to Fed. R. Civ. P. 24(a)(2) or Fed. R. Civ. P. 24(b)(1) filed by Emerald Capital Advisors in its capacity as liquidating trustee ("Liquidating Trustee" or "Movant") of Defendant Sam Ash Music Corporation's ("Defendant") liquidating trust ("Liquidating Trust"). See ECF No. 20. Liquidating Trustee "seeks intervention to protect its significant legal interests arising from the confirmed Chapter 11 liquidation plan of Sam Ash Music Corporation . . . and the related order confirming the Bankruptcy Plan[.]" See ECF No. 20-1 at 5-6. Plaintiff Taylor Fenton ("Plaintiff"), who is proceeding in this action pro se, did not respond to the motion. For the reasons set forth below, the Court grants the unopposed motion to intervene. The Clerk of Court is directed to add Emerald Capital Advisors as Liquidating Trustee as a defendant to the caption.

## I. BACKGROUND

The following background is derived from Liquidating Trustee's brief in support of its motion to intervene. See ECF No. 20-1. The Court accepts as true the non-conclusory

statements in the motion, as Plaintiff has not challenged these statements. See Dorsett v. Cnty. of Nassau, 283 F.R.D. 85, 90 (E.D.N.Y. 2012) ("In considering a motion to intervene, the court must accept as true non-conclusory allegations of the motion.") (internal citations omitted). On May 8, 2024, Defendant and its affiliated entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. See ECF No. 20-1 at 6; see In Re: Sam Ash Music Grp., No. 24 Bankr. 14727 (SLM), at ECF No. 1 (Bankr. D.N.J. May 8, 2024). On August 15, 2024, the Bankruptcy Court entered an order (the "Confirmation Order") discharging all pre-confirmation claims and imposing injunctions prohibiting any action to collect or recover on discharged claims against Defendant. See ECF No. 20-1 at 6; see In Re: Sam Ash Music Grp., No. 24 Bankr. 14727 (SLM), at ECF No. 460 (Bankr. D.N.J. Aug. 15, 2024).

On October 11, 2024, Plaintiff commenced the instant action against Sam Ash Music Stores alleging that, during Plaintiff's employment, he was subject to certain alleged discriminatory acts from December 14, 2022, to June 2023. See ECF No. 1 at 4. The Court subsequently construed Plaintiff's complaint as naming Defendant Sam Ash Music Corporation. See ECF No. 9. On August 19, 2025, the Court scheduled a status conference and requested that bankruptcy counsel for Defendant participate.[1] See 8/19/2025 Order. During the September 25, 2025, conference, Plaintiff appeared on his own behalf and counsel for the Liquidating Trustee appeared. See 9/26/2025 Order. Counsel reported that Defendant's bankruptcy plan had been confirmed by the Bankruptcy Court, and Defendant's remaining assets had been transferred to the Liquidating Trust. See ECF No. 20-1 at 7; see ECF No. 14. In addition, counsel informed

---

[1] The Court mailed copies of all Orders to Plaintiff at the address listed on the public docket. See ECF Orders dated 7/10/2025, 8/19/2025, 9/26/2025, 11/10/2025, 12/8/2025, 12/19/2025.

the Court that Liquidating Trustee intended to file a motion to dismiss this case, unless Plaintiff voluntarily withdrew his complaint. See ECF No. 14. When Plaintiff did not withdraw the action, Liquidating Trustee filed a motion to dismiss. See ECF No. 17. On December 8, 2025, the Court scheduled a status conference to clarify the status of this action. See 12/8/2025 Order. Plaintiff did not appear at the conference. See 12/19/2025 Order. The Court subsequently directed Liquidating Trustee to file a motion to intervene because the Liquidating Trustee was not a party to the action. Id. The Court administratively closed the motion to dismiss "pending the resolution of the issues related to the Liquidating Trustee[']s status" and notified Liquidating Trustee that it "may file a letter requesting that the motion [to dismiss] be reopened" following the resolution of such issues. Id.

Currently before the Court is Liquidating Trustee's motion to intervene pursuant to Fed. R. Civ. P. 24(a)(2) or Fed. R. Civ. P. 24(b)(1). See ECF No. 20. Liquidating Trustee contends that because "Plaintiff's claims arose prior to the [Bankruptcy Court] Petition Date and were discharged under the Bankruptcy Plan[,]" Plaintiff's "filing and prosecution of this action violate the discharge injunction and the Confirmation Order." See ECF No. 20-1 at 8. To the extent that Plaintiff has or had a claim, Liquidating Trustee argues it "would need to [be] recognized and allowed by the Bankruptcy Court and any recovery on such claim would be against the assets of the Liquidating Trust." Id. Liquidating Trustee says it is charged with properly administering the Liquidating Trust, which includes administering any permissible claims against Defendant. Id. Therefore, Liquidating Trustee argues "intervention is necessary to protect [its] interests, ensure compliance with the Bankruptcy Court's [O]rder, and prevent improper litigation in this Court." Id.

## II. LEGAL STANDARD

Liquidating Trustee moved to intervene pursuant to Fed. R. Civ. P. 24(a)(2) or Fed. R. Civ. P. 24(b)(1). See ECF No. 20. The Court of Appeals for the Second Circuit has reasoned

> that [i]ntervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand, and that, in resolving the tension that exists between these dual concerns, the particular facts of each case are important, and prior decisions are not always reliable guides.

Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (citation & quotations omitted). Fed. R. Civ. P. 24(a), entitled "Intervention of Right," provides that on timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

See Fed. R. Civ. P. 24(a)(1)-(2). Fed. R. Civ. P. 24(b), entitled "Permissive Intervention," provides that, "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." See Fed. R. Civ. P. 24(b)(1)(A)-(B). A court exercising its discretion pursuant to Fed. R. Civ. P. 24(b) must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." See Fed. R. Civ. P. 24(b)(3). A district court has broad discretion under Rule 24(b) to determine whether to permit intervention. See AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005). As to both intervention of right and permissive intervention, the Rule requires that "[a] motion to intervene . . . be served on the parties as provided in Rule 5[,] . . . state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which

intervention is sought." See Fed. R. Civ. P. 24(c). "In seeking intervention under this Rule, the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." Kamdem-Ouaffo v. Pepsico, Inc., 314 F.R.D. 130, 134 (S.D.N.Y. 2016).

## III. DISCUSSION

As an initial matter, the Court finds that Liquidating Trustee has complied with the notice and pleading requirements outlined in the Federal Rules. Liquidating Trustee filed a certificate of service stating that counsel had caused a copy of the motion and supporting documents to be served on Plaintiff via email and first-class mail. See ECF No. 18. The motion states the grounds for intervention and is accompanied by a pleading setting forth the claims or defenses for which intervention is sought, thereby satisfying Fed. R. Civ. P. 24(c). The Court thus turns to whether Liquidating Trustee may intervene as a matter of right.

A movant seeking to intervene as a matter of right "must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." In re N.Y.C. Policing During Summer 2020 Demonstrations, 27 F.4th 792, 799 (2d Cir. 2022) (citation & quotations omitted). The Court finds that Liquidating Trustee has satisfied all four factors for intervention as of right for the reasons set forth below.[2]

### A. Timeliness

The timeliness requirement is flexible and left to the district court's discretion. See Floyd, 770 F.3d at 1058 (citation & quotations omitted). "It defies precise definition, although it

[2] In the alternative, and for substantially the same reasons, the Court would grant permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). Liquidating Trustee has demonstrated a claim or defense that shares a common question of law or fact with the main action, and intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

certainly is not confined strictly to chronology. Factors to consider in determining timeliness include: (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." Id. (citations & quotations omitted). Here, Liquidating Trustee first appeared at the September 25, 2025, conference, "based on receipt of the Court's 8/19/2025 mailing." See 9/26/2025 Order. Counsel for Liquidating Trustee filed notices of appearances on October 31, 2025. See ECF Nos. 15-16. The Court then sua sponte extended the parties' deadlines to commence motion practice, see 11/10/2025 Order, and Liquidating Trustee timely filed a motion to dismiss on November 17, 2025, see ECF No. 17. Following a status conference on December 16, 2025, the Court administratively closed the motion to dismiss but set a deadline for Liquidating Trustee to file a motion to intervene. See 12/19/2025. Liquidating Trustee timely filed the instant motion pursuant to the Court's schedule. See ECF No. 20. Thus, Liquidating Trustee acted without delay and adhered to all Court deadlines in filing the instant motion.

No prejudice would inure to Plaintiff or Defendant if the motion to intervene is granted. Plaintiff did not respond to the instant motion despite the Court mailing multiple notices to Plaintiff and twice extending his response deadline. See 12/19/2025 Order; 2/2/2026 Order; 4/27/2026 Order. As to Defendant, the Chapter 11 liquidation plan of Sam Ash Music Corporation was confirmed by the Bankruptcy Court on August 15, 2024. See ECF No. 20-1 at 5-6. All of Defendant's assets were transferred to the Liquidating Trust, which Liquidating Trustee is now responsible for administering. See id. at 7. As is described in more detail below, Liquidating Trustee would be prejudiced if the motion to intervene is denied given its charge to

administer the Liquidating Trust. No unusual circumstances militate in favor of or against a finding of timeliness. The timeliness requirement is satisfied.

**B. Interest In The Action**

The second requirement of an interest in the action necessitates that such interest "be direct, substantial, and legally protectable. In other words, [a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." Floyd, 770 F.3d at 1060.

Liquidating Trustee argues the outcome of the instant litigation directly threatens its ability to fulfill its obligations to properly administer the Liquidating Trust, as required by the Confirmation Order. See ECF No. 20-1 at 12. Liquidating Trustee further contends it has an interest in this litigation because Plaintiff's claims were discharged by the Confirmation Order, and "litigating those discharged claims here would erode estate resources reserved for creditor distributions and force discovery into matters the Bankruptcy Court expressly retained jurisdiction over." Id. at 13. The Second Circuit has found "direct, substantial, and legally protectable" interests where the proposed intervenor asserted an economic interest in the litigation. See, e.g., Brennan v. N.Y.C. Bd. of Educ., 260 F.3d 123 (2d Cir. 2001) (finding proposed intervenors' interest in the diminution of their seniority rights was a sufficient interest in the property or transaction which was the subject of the litigation); N.Y. Pub. Interest Research Grp., Inc. v. Regents of the Univ. of the State of N.Y., 516 F.2d 350, 351-52 (2d Cir. 1975) (per curiam) (finding that pharmacists and a pharmaceutical society had sufficient interest to intervene in an action challenging the legality of a drug advertising regulation that would have affected their economic interests); In re Pandora Media, Inc., No. 12 Civ. 8035 (DLC), 2013 WL 6569872, at *8 (S.D.N.Y. Dec. 13, 2013) (finding a cognizable interest where the proposed

intervenor sought to avoid imposition of certain licensing fees). As this litigation would potentially impact the Liquidating Trust's assets that Liquidating Trustee is charged with administering pursuant to the Bankruptcy Court's Confirmation Order, Movant has asserted a sufficient interest to justify intervention.

**C. Impairment Of Interest By Disposition Of The Action**

The third requirement of impairment of the movant's interest by disposition of the action is satisfied if "the proposed intervenor . . . show[s] that his interest may be impaired by the disposition of the action, which can be satisfied by asserting that as a practical matter, an adverse decision may compromise the party's claims." Republic of the Phil. v. Abaya, 312 F.R.D. 119, 124 (S.D.N.Y. 2015) (citation & quotations omitted). Here, Liquidating Trustee asserts that "allowing this case to proceed in this Court would . . . impede Movant's ability to protect the estate, enforce discharge/injunction provisions, and maintain the Bankruptcy Court's retained jurisdiction." See ECF No. 20-1 at 14-15. The Court agrees. Continuing the instant case could potentially divert the Liquidating Trust's resources and undermine the Chapter 11 process ordered by the Bankruptcy Court. As a practical matter, the interests of Liquidating Trustee would be impaired if it was not permitted to intervene in this action. See New York v. Scalia, No. 20 Civ. 1689 (GHW), 2020 WL 3498755, at *2 (S.D.N.Y. June 29, 2020) (finding that intervening trade organizations met the impairment factor because the litigation, which sought to invalidate a final rule promulgated by the Department of Labor, could result in adverse economic consequences for movants' members).

**D. Lack Of Adequate Protection Of Interest By Existing Parties**

The final requirement—lack of adequate protection of the interest by existing parties—is satisfied "when there is sufficient doubt about the adequacy of representation. This requirement

is satisfied if the applicant shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal." N.Y.C. Policing, 27 F.4th at 803 (citations & quotations omitted). Due to the liquidation of Defendant and the ongoing Chapter 11 process, the Court agrees with Liquidating Trustee that "there is no party to represent the Defendant's interests other than the Liquidating Trustee, and there is no other party that can seek enforcement of the Bankruptcy Plan, Confirmation Order, retained jurisdiction, and discharge/ injunction provisions." See ECF No. 20-1 at 15.

## IV. CONCLUSION

For the reasons described herein, the Court concludes that Liquidating Trustee is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). Accordingly, the Court grants Liquidating Trustee's unopposed motion to intervene. The Clerk of Court is directed to add Emerald Capital Advisors as Liquidating Trustee as a defendant to the caption.

Within 30 days of this Order, Liquidating Trustee is to serve the letter asking the Court to reopen the motion to dismiss, which is on the docket. See ECF No. 17. Liquidating Trustee is directed to serve a copy of the letter and the motion to dismiss on Plaintiff. Within 45 days of service, Plaintiff may serve and file an opposition to the motion to dismiss. Liquidating Trustee may serve and file a reply within 30 days of Plaintiff's service of the opposition.

The Court will mail a copy of this Order to Plaintiff at Taylor Fenton, 12602 Locost Manor Lane, Apt. 6E, Jamaica, NY 11434.

Dated: Brooklyn, New York
August 19, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge